IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

      Plaintiff,

v.                                                                                                                 No. 2:25-cv-0417 GBW/DLM

SOCORRO CONSOLIDATED SCHOOL
DISTRICT, RONALD HENDRIX,
CHRISTINE PEGUERO, JONI MAULDIN,
JARROD STOREY, and JOEL PARTRIDGE,

      Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*. On March 25, 2025, Plaintiff filed her lawsuit in New Mexico state court under the pseudonym Jane Doe. (*See* Doc. 1-5 at 1.) On April 30, 2025, Defendants removed the lawsuit to federal court. (Doc. 1.)

"Proceeding under a pseudonym in federal court is . . . 'an unusual procedure[,]'" because "public scrutiny . . . is an inherent part of public trials." *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation omitted). The Federal Rules of Civil Procedure provide that "[a]n action must be prosecuted in the name of the real party in interest[,]" Fed. R. Civ. P. 17(a)(1), and require that all parties are named in the title of the complaint, Fed. R. Civ. P. 10(a). Where a minor is a party, however, Rule 5.2 provides that the litigant may, in any filing with the Court, include the minor's initials, rather than their full name. Fed. R. Civ. P. 5.2(a)(3). And Rule 17 provides that if "[a] minor . . . does not have a duly appointed representative[,]" they "may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2).

The presumption against anonymous pleading "can be overcome, and [the Court] ha[s] discretion to permit such pleading in appropriate circumstances." *Williams v. N.M. State Univ.*,

No. 2:23cv1059 GBW/KRS, --- F.R.D. ---, 2025 WL 894954, at *2 (D.N.M. Mar. 24, 2025) (citations omitted); *see also Femedeer*, 227 F.3d at 1246 (recognizing "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings"). "The relevant factors for the Court to consider in exercising its discretion in this area include the reasons for the asserted need for anonymity and the countervailing interests of the opposing party and the public more generally." *Williams*, 2025 WL 894954, at *2; *see also Femedeer*, 227 F.3d at 1246; *M.M. v. Zavaras*, 139 F.3d 798, 802–03 (10th Cir. 1998).

"[W]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *Doe v. Sai, Inc.*, No. 2:25cv0104 DLM/GBW, 2025 WL 438613, at *1 (D.N.M. Feb. 7, 2025) (quoting *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001)). "If a court grants permission, it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." *W.N.J.*, 257 F.3d at 1172 (citation omitted). Because this case was removed from state court, Plaintiff has not had an opportunity to request the Court's permission to proceed anonymously. The Court will give Plaintiff leave to do so.

**IT IS THEREFORE ORDERED** that **on or before May 16, 2025**, Plaintiff must file a motion to proceed anonymously or under a pseudonym, or show cause as to the failure to do so. If the motion is opposed, the parties shall brief the issue according to the Local Rules.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE