IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

    Plaintiff,

v.                                                                                       No. 2:25-cv-0417 GBW/DLM

SOCORRO CONSOLIDATED SCHOOL
DISTRICT, RONALD HENDRIX,
CHRISTINE PEGUERO, JONI MAULDIN,
JARROD STOREY, and JOEL PARTRIDGE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Jane Doe's Motion to Proceed Anonymously or Under a Pseudonym. (Doc. 7.) Having considered the parties' arguments and the relevant law, the Court will **DENY** the motion.

**I.   Background**

This lawsuit stems from a physical attack at Socorro High School by one student (Assailant) on another student (Doe). (*See* Doc. 1-D ¶¶ 1, 7, 37.) According to the allegations in the Complaint, on March 30, 2023, Socorro High School teachers heard Assailant threatening Doe, but Principal Christine Peguero merely gave Assailant a verbal warning. (*See id.* ¶¶ 28–31.) The same day, Assailant attacked Doe in a school hallway, and Assailant's friends cheered her on and recorded the incident. (*See id.* ¶¶ 35–38, 44.) Assailant's friends "distributed the video of the attack." (*Id.* ¶ 44.) Doe's attorney noted that "many people watched" the video, there were "many onlookers" at the fight, and "it was made quite a public ordeal in Socorro." (*See* Doc. 14 at 1.) Doe's parents reported the attack to law enforcement, resulting in a written police report that identifies Doe and Assailant. (*See* Docs. 8 at 2; 14 at 2.) Additionally, charges were filed against

Assailant. (*See* Doc. 14 at 2.)

Doe and Assailant were both 17 years old at the time of the attack but are now adults. (*See* Docs. 1-D ¶ 8; 14 at 2.) Doe no longer resides in Socorro but frequently visits family there. (*See* Doc. 7 at 3 n.3.) Doe's counsel is not aware of any further threats or incidents against Doe following the attack. (*See* Doc. 14 at 1.) Defense counsel states that although Doe moved away from Socorro following the attack, both Doe and Assailant attended the school's prom without incident. (*See id.* at 2.)

Doe filed a lawsuit against the School District and several school employees under the New Mexico Tort Claims Act, the New Mexico Civil Rights Act, and 42 U.S.C. §§ 1983 and 1985 for violations of her state and federal civil rights. (See Doc. 1-D.) She seeks leave to proceed anonymously and fears that using her name will result in further physical attacks from Assailant or Assailant's friends. (*See* Doc. 7 at 3.) Defendants know Doe's true identity and oppose the motion. (*See* Doc. 8.)

## II.   Legal Standard

"Proceeding under a pseudonym in federal court is . . . 'an unusual procedure[,]'" because "public scrutiny . . . is an inherent part of public trials." *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation omitted). The Federal Rules of Civil Procedure provide that "[a]n action must be prosecuted in the name of the real party in interest[,]" Fed. R. Civ. P. 17(a)(1), and require that all parties are named in the title of the complaint, Fed. R. Civ. P. 10(a). Plaintiffs may proceed anonymously only in exceptional circumstances, such as those "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (quotation omitted).

2

The Court has discretion in allowing a plaintiff to proceed anonymously, and "must 'weigh[] the plaintiff's claimed right to privacy against the countervailing public interest' in access to legal proceedings." *Cruz v. Bd. of Cnty. Comm'rs of Cnty. of Bernalillo*, No. 1:22-cv-0604 GJF/KK, 2022 WL 4536009, at *2 (D.N.M. Sept. 28, 2022) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (citing *Femedeer*, 227 F.3d at 1246). "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Id.* (quoting *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005)). "Moreover, courts must be mindful that, without a party's name in the public record, 'it is difficult to apply legal principles of res judicata and collateral estoppel.'" *Id.* (quoting *Femedeer*, 227 F.3d at 1246).

### III.    Analysis

#### A.    Doe fails to show exceptional circumstances.

Doe is concerned about a risk of retaliation should her name be publicly associated with this lawsuit. (*See* Doc. 7 at 3 (Doe "legitimately and justifiably fears subsequent attacks either at the hands of her assailant or her assailant's supporters should her identity be disclosed").) Yet the incident underlying this matter has already been made public. Her attorney concedes that the fight was filmed, many people watched it either in person or on video, and "it was made quite a public ordeal in Socorro." (*See* Doc. 14 at 1.) Moreover, defense counsel obtained the written police report through an IPRA request and avers that both Doe and Assailant are identified by name in the report. (*See id.* at 2.) Charges were filed against Assailant, and there was some type of result obtained in a juvenile court proceeding. (*See id.*)

Doe also fails to make a colorable showing of possible physical harm. The following circumstances warrant against allowing the relief Doe seeks. First, the attack took place more than

3

two years ago when Doe and Assailant were high school students. They are adults now. Doe moved away from Socorro after the attack but returns frequently to visit family, and there is no indication that she has faced violence or threats of violence from Assailant, Assailant's friends, or anyone else. Moreover, counsel for Defendants states that sometime after the attack, Doe and Assailant both attended the school prom without incident.

Doe believes the decision in *Doe v. U.S. Immigration and Customs Enforcement*, No. 1:23-cv-0971 MLG/JMR, 2024 WL 4389461 (D.N.M. Oct. 3, 2024) supports her position. (*See* Doc. 10 at 2.) There, the plaintiffs were immigration detainees from Venezuela seeking asylum in the United States. *See* 2024 WL 4389461, at *1. They had "suffer[ed] gravely at the hands of Venezuelan police and government officials" and argued "that public disclosure of their identities" could result in retaliation to their families still in Venezuela or to harm themselves if they were returned to their home country. *Id.* at *1–2. They also feared retaliation from personnel at the facilities where they were being held and alleged that the personnel "have a history of retaliatory conduct against inmates . . . ." *Id.* at 2–3. The defendants argued that the plaintiffs' fears were hypothetical and that they "must provide substantive evidence of harm to justify their anonymity." *Id.* at 2. The court disagreed and found that, although speculative, the plaintiffs had "adequately demonstrated a 'real danger of physical harm . . . .'" *See id.* at 3.

The circumstances here are distinguishable. This matter has already been in the public eye because many people saw the fight, the fight was filmed, and the video of the fight was shared. Doe frequently returns to Socorro, and she even participated in a high school event—one Assailant also attended—without repercussion. Assailant faced consequences stemming from the incident in juvenile court, and there is no evidence that she retaliated after that. Given these circumstances, Doe fails to show a real danger of physical harm.

### B. The public's interest in access to legal proceedings outweighs Doe's claimed right to privacy.

Doe argues that "[a]ny public interest in the disclosure of [Doe's] identity is vastly outweighed by her need to remain anonymous in this matter." (*See* Doc. 7 at 3.) She contends that because this lawsuit "does not challenge legislation that will affect the public; her role as plaintiff does not affect specific individuals who have a right to her identity; and her claims do not center around public funds[,]" the public has little interest in the case. (*See id.* at 4.) Yet this matter involves the New Mexico Public School Insurance Authority, which is funded with public monies. Additionally, as soon as the parties depose Assailant or any onlookers, the proverbial cat will be out of the bag, and Doe's attorney was unable to explain what anonymity will accomplish at that point.

In sum, the Court finds that Doe fails to show "a real danger of physical harm[,]" as is required to warrant anonymity. *See Femedeer*, 227 F.3d at 1246 (quotation omitted). Moreover, she fails to show that her interest in proceeding anonymously outweighs the public's interest in having access to this lawsuit.

**IT IS THEREFORE ORDERED** that Doe's Motion to Proceed Anonymously or Under a Pseudonym is **DENIED**;

**IT IS FURTHER ORDERED** that Doe shall file an amended complaint to include her name within five days of the entry of this opinion.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE