IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SERENITY JARAMILLO-SUAREZ,

    Plaintiff,

v.                                  CIVIL NO. 2:25-cv-0417 GBW/DLM

SOCORRO CONSOLIDATED SCHOOL
DISTRICT, RONALD HENDRIX,
CHRISTINE PEGUERO, JONI MAULDIN,
JARROD STOREY, and JOEL PARTRIDGE.

    Defendants.

## First Amended Complaint

Pursuant to this Court's Order, Serenity Jaramillo-Suarez (formerly "Jane Doe" in these proceedings), through her attorneys, Parnall & Adams Law (Charles S. Parnall, David M. Adams, and Mallory A. Wolff), files this First Amended Complaint.

1. Socorro High School Students frequently record videos of fights at school, and post videos of the violent student-on-student attacks on social media.

2. The negligent and reckless conduct of Socorro Consolidated School District and its employees was a cause of the violent video recorded attack on Plaintiff.

3. Socorro High School's is a cause of this rampant misconduct.

4. Here, the school ignored known bullying, threats, and intimidation of Plaintiff by a student wrestling team member ("Violating Student").

5. After the school failed to address the misconduct, the Violating Student waited in the hall with friends and teammates, and she grabbed Plaintiff, strangled her by placing her in a choke hold, hit her repeatedly, and pounded Plaintiff's face in the ground.

6. Following the violent attack, Socorro High School failed to follow its discipline matrix by failing to properly discipline the Violating Student or the instigating friends and wrestling teammates, and also wrongfully punished Plaintiff.

PA File No. 2300055

## Rule 1-008(A)(1) Statement of Jurisdiction

7. Plaintiff was a student at Socorro High School and resides in Bernalillo County.

8. Plaintiff was 17 years old at the time of the matters set forth in this Complaint.

9. Defendant Socorro Consolidated School District operates Socorro High School and is authorized to sue and be sued in its capacity as operator of the school.

10. The principal office of the Socorro Consolidated School District is in Socorro County.

11. Ronald Hendrix, who at all material times was the Superintendent of the Socorro Consolidated School District, resides in Valencia County.

12. Christine Peguero, the Principal at the time, resides in Socorro County.

13. Joni Mauldin, the Assistant Principal, resides in Socorro County.

14. Jarrod Storey, the Athletics Director at the time, resides in Valencia County.

15. Joel Partridge, the Wrestling Coach at the time, resides in Socorro County.

16. This Court has general personal jurisdiction over the Defendants and Plaintiff.

17. Pursuant to NMSA § 41-4-18(A) and NMSA § 41-4A-3(B) the Court has exclusive subject matter jurisdiction over the claims in this civil action.

18. Venue is proper in this Court pursuant to NMSA § 41-4-18(B), NMSA § 38-3-1(A), and NMSA § 38-3-1(G).

## Rule 8(A)(2) Statement of Claims

19. Socorro High School's dangerous conditions allow violent student-on-student attacks to flourish.

20. Students frequently record and post videos of violent student-on-student attacks on social media.

21. Socorro High School does not follow its discipline matrix when it learns of violent student-on-student attacks.

22. Socorro High School's failure to properly implement and follow its policies and procedures for handling violent student-on-student attacks is a cause of the dangerous condition of Socorro High School.

23. Not only has Socorro High School failed to properly implement and follow its policies and procedures for handling student-on-student assaults, but it has implemented a widespread and pervasive practice of ignoring violent student-on-student attacks.

24. Although the problem is well-documented, Socorro High School failed to fix the dangerous condition.

25. As a foreseeable and natural consequence of Socorro High School's actions and failures to act, on or about March 30, 2023, the Violating Student violently attacked Plaintiff.

26. Socorro High School knew that earlier that morning the Violating Student had been bullying, threatening, and intimidating Plaintiff.

27. On March 30, 2023, at about 9:15 am the Violating Student came up to Plaintiff and threatened to beat her up.

28. Socorro High School teachers broke them apart and told the Violating Student to go to the principal's office.

29. The principal, Defendant Christine Peguero, simply told the Violating Student to not do anything to Plaintiff.

30. Defendant Peguero did not take any of the actions required by the school's disciplinary matrix.

31. Socorro High School did not contact the parents, create or enter into a behavior contract, suspend the Violating Student from extra-curricular events, or suspend the Violating Student for 1 to 3 days (OSS).

32. Defendant Peguero and other employees of Socorro High School did not ask Plaintiff about the incident, claiming that they were too busy.

33. Having been lying in wait, about 2 hours after the Violating Student bullied, threatened, and intimidated Plaintiff, the Violating Student attacked Plaintiff at about 11:30 am.

34. Because the school took inadequate action, as it had before, the Violating Student felt free to attack.

35. The Violating Student waited in the hall with friends, and when Plaintiff was within reach, she grabbed Plaintiff, strangled her by placing her in a choke hold, hit her repeatedly, and pounded Plaintiff's face in the ground.

36. The Violating Student is on the wrestling team, and her teammates were cheering her on during the violent attack.

37. Following the incident, Socorro High School did not follow its disciplinary matrix.

38. The school did not contact law enforcement.

39. The school did not enter into a behavior contract with the Violating Student.

40. The school only suspended the Violating Student for 1.5 days, rather than the 5-day maximum for a first offense, despite the extreme nature of the attack, and the physical advantage that the Violating Student had over Plaintiff.

41. Despite and during the suspension, the school allowed the Violating Student onto campus.

42. Socorro High School took no action against the students who took part in the incitement of the violent attack, even though other students, including members of the wrestling team, were encouraging the Violating Student to violently attack Plaintiff, and videotaped and distributed the video of the attack.

43. The school did not contact parents, suspend the instigating students from extra-curricular events, or suspend any of the instigating students for 1-2 days (OSS) as required by the disciplinary matrix.

44. The school improperly suspended Plaintiff for half a day, based on the false assertion that Plaintiff was "engaging" with the Violating Student and participating in the attack, despite the video evidence to the contrary, which clearly shows that the Violating Student planned the attack and was lying in wait.

45. Plaintiff did nothing more than defend herself from the violent attack.

46. Plaintiff was not mutually participating in a fight.

47. Plaintiff used only reasonable physical force in self-defense.

48. The only use of physical force by Plaintiff was made in response to the physical attack by the Violating Student.

49. The minimal degree of physical force used by Plaintiff was fully appropriate and reasonable in her circumstances and did not exceed the force necessary to avoid injury to herself caused by the Violating Student's brutal attack.

50. The physical force used by the Violating Student was not in self-defense, defense of others, or defense of property, and no mitigating factors exist to consider in determining the appropriate penalty for her misconduct.

51. The use of physical force by the Violating Student was not reasonable, and the degree of physical force that she used was grossly disproportionate to any circumstances she may allege.

52. The Violating Student is a member of the wresting team, and the involvement of the wrestling teammates evidences the negligence of the wrestling coach Defendant Joel Partridge and the Socorro High School athletics director Defendant Jarrod Storey.

53. Pursuant to the Socorro High School Athletic Student Handbook, any student/athlete convicted of a misdemeanor will carry a Category 1,2,3 suspension as punishment.

54. This incident falls within the Athletic Student Handbook against hazing because the Violating Student harassed Plaintiff by exacting unnecessary aggressive activities which resulted in harm and bodily injury to Plaintiff.

55. Defendants Peguero, Mauldin, Partridge, and Storey did not address the instigating students, who are members of the wrestling team.

56. The attack was criminal.

57. The attack constitutes aggravated battery causing great bodily harm, which is a third-degree felony. *See* NMSA § 30-3-5 (Aggravated battery).

58. The dangerous condition created by Socorro High School, of which the school was aware and failed to fix, caused Plaintiff personal injury and related other damages.

59. Socorro High School's failure to follow its discipline matrix in response to the incident is a cause of additional harm to Plaintiff.

60. The Socorro Consolidated School District is a "local public body" as defined by NMSA § 41-4-3 (C) and a "governmental entity" as defined by NMSA § 41-4-3 (B).

61. Defendants Ronald Hendrix, Christine Peguero, Joni Mauldin, Jarrod Storey, and Joel Partridge are each a "public employee" as defined by NMSA § 41-4-3 (F).

62. Defendants waived immunity pursuant to the New Mexico Tort Claims Act, NMSA § 41-4-6, and New Mexico Civil Rights Act, NMSA § 41-4A-9.

## Damages

63. Defendants' conduct was a cause of Plaintiff's injuries and damages, including:

    a. bodily injury,

    b. pain and suffering,

    c. mental anguish and emotional distress,

    d. future mental anguish and emotional distress,

    e. past medical expenses,

    f. future medical expenses,

    g. loss of enjoyment of life,

    h. future loss of enjoyment of life,

    i. inconvenience and lost time, and

    j. other recoverable damages.

## Count I : § 41-4-6 Tort Claims Act Liability

64. As will be revealed in discovery and shown at trial, Defendants were negligent in their operation and maintenance of Socoro High School.

65. Socorro High School constitutes a public building for purposes of the NMSA § 41-4-6 waiver.

66. Defendants have a duty to operate and maintain Socorro High School with ordinary care to keep it safe for students.

67. Defendants were obligated to follow policies and procedures designed to protect students from violent student-on-student attacks.

68. The operation and maintenance of Socorro High School by Defendants caused a condition with a foreseeable risk that a student would injure another student in a violent attack.

69. The operation and maintenance of Socorro High School by Defendants caused a condition that would foreseeably lead to an unreasonable risk of harm to students from violent student-on-student attacks.

70. Upon the exercise of reasonable diligence in the operation and maintenance of Socorro High School, Defendants employees would have known of the dangerous condition.

71. Defendants' failure to follow protocols and procedures and failure to address a pattern of student violence created dangerous conditions.

72. Defendants were negligent in their failure to discover and prevent violent student-on-student attacks.

73. Defendants' conduct constitutes an operational failure to respond to or discover the conditions that can pose a danger to students, and a failure to create or implement reasonably appropriate safety policies and operational procedures.

74. Defendants' negligence created an unsafe condition for Plaintiff and other students.

75. Upon the exercise of reasonable diligence in the operation and maintenance of Socorro High School, Defendants would have known of the dangerous conditions.

76. Defendants breached the duty to use ordinary care in the operation and maintenance of Socorro High School.

77. Defendants' breach of duty to use ordinary care in the operation and maintenance of Socorro High School resulted in injury to Plaintiff from the violent student-on-student attack.

78. Defendants' negligent operation and maintenance of Socorro High School was a cause of Plaintiff's damages.

79. Defendants are liable to Plaintiff for actual damages, in an amount to be determined at trial, up to the limits set forth in the New Mexico Tort Claims Act, NMSA § 41-4-19 (A) and (B), plus post-judgment interest pursuant to NMSA § 41-4-19 (C), recoverable costs, and for such other relief as justice may require.

## Count II : New Mexico Civil Rights Act Liability

80. As will be revealed in discovery and shown at trial, Defendants violated of the New Mexico Civil Rights Act, NMSA § 41-4A-3, and Defendant Socorro Consolidated School District is liable for the violations.

81. Pursuant to Section 41-4A-3(B), a person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court.

82. Plaintiff has suffered a deprivation of his rights, privileges, or immunities secured pursuant to the bill of rights of the constitution of New Mexico, including those secured to Plaintiff by Article II, Sections 4, 18, and 24, due to acts and omissions of Defendants, or persons acting on behalf of, under color of, or within the course and scope of the authority of the Socorro Consolidated School District.

83. By turning a blind eye to the pattern of misconduct and failing to follow safety policies and discipline matrix, and by their other conspiratorial acts and omissions, Defendants:

   a. acted to deprive Plaintiff's right to protect property and to seek and obtain safety and happiness, in violation of N.M. Const. Art. II, § 4.

   b. deprived Plaintiff of life, liberty or property without due process of law, in violation of N.M. Const. Art. II, § 18.

   c. denied Plaintiff the equal protection of the laws, in violation of N.M. Const. Art. II, § 18.

    d.    deprived Plaintiff of her right to be treated with fairness and respect for her dignity in violation of N.M. Const. Art. II, § 24.

84. Defendants' conduct, and the conduct of Socorro Consolidated School District employees, was malicious, willful, reckless, wanton, fraudulent, and in bad faith.

85. Defendants' deprivation of Plaintiff's state constitutional rights was a cause of her damages.

86. Pursuant to NMSA § 41-4A-4, Defendants are prohibited from asserting qualified immunity as a defense.

87. Socorro Consolidated School District is liable to Plaintiff for actual damages, in an amount to be determined at trial, up to the limits set forth in the New Mexico Civil Rights Act, NMSA § 41-4A-6 (A), (B), and (C), plus post-judgment interest, costs of action, and reasonable attorney fees pursuant to NMSA § 41-4A-5 and § 41-4A-6 (A), other recoverable costs.

**Count III : 42 U.S.C. § 1983 *Monell* Liability for the Deprivation of Federal Civil Rights**

88. As will be revealed in discovery and shown at trial, Defendant Socorro Consolidated School District's conduct constitutes violations of 42 U.S.C. § 1983 pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

89. Plaintiff has a property interest in public education secured by the Fourteenth Amendment of the United States Constitution.

90. Defendant Socorro Consolidated School District implemented a widespread and pervasive practice and custom of ignoring reports of violent student-on-student attacks and of permitting student-on-student attacks on school grounds.

91. Defendant Socorro Consolidated School District engaged in a widespread and pervasive practice and custom of favoring student athletes, downplaying student athlete misconduct, and looking the other way when confronted student athlete violence.

92. Defendant Socorro Consolidated School District's acts may fairly be said to represent official policy.

93. Defendant Socorro Consolidated School District was deliberately indifferent to the known and obvious consequences of this practice and custom.

94. Defendant Socorro Consolidated School District's practice and custom deprived Plaintiff of her property interest in public education secured by the Fourteenth Amendment of the United States Constitution.

95. Defendant Socorro Consolidated School District's acts and omissions are a cause of Plaintiff's damages.

## Count IV : 42 U.S.C. § 1983 Liability for Due Process Violations

96. As will be revealed in discovery and shown at trial, Defendants Hendrix, Peguero, and Mauldin's conduct constitutes violations of 42 U.S.C. § 1983.

97. Plaintiff has a property interest in public education secured by the Fourteenth Amendment of the United States Constitution.

98. The Fourteenth Amendment of the United States Constitution prohibits state actors from depriving "any person of … property, without due process of law."

99. Defendants Hendrix, Peguero, and Mauldin imposed a short-term suspension upon Plaintiff as a result of the attack by the Violating Student.

100. Plaintiff was not provided an explanation of the evidence relied upon by Defendants in imposing the short-term suspension.

101. Plaintiff was not given an opportunity to present her side of the story to Defendants.

102. Defendants Hendrix, Peguero, and Mauldin violated the due process requirements for a short-term suspension.

103. Defendants Hendrix, Peguero, and Mauldin deprived Plaintiff of her property interest in public education without due process of the law.

104. Defendants Hendrix, Peguero, and Mauldin were acting under the color of state law when they violated Plaintiff's due process rights.

105. Defendants Hendrix, Peguero, and Mauldin's acts and omissions are a cause of Plaintiff's damages.

**Count V : 42 U.S.C 1985 Liability for Conspiracy to Interfere with Civil Rights**

106. As will be revealed in discovery and shown at trial, Defendants' conduct constitutes a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985.

107. Defendants engaged in a conspiracy for the purpose of depriving Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws.

108. Defendants did, or caused to be done, acts in furtherance of the conspiracy.

109. Defendants' conspiracy was motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus.

110. Defendants' conspiracy to interfere with civil rights was a cause of Plaintiff's damages.

**Rule 1-008(A)(3) Request for Relief**

Plaintiff respectfully requests that this honorable Court:

A. Award actual damages in amounts to be proven at trial, against Defendants for Tort Claims Act Liability,

B. Award actual and punitive damages in amounts to be proven at trial against Defendant Socorro Consolidated School District for New Mexico Civil Rights Act Liability,

C. Award actual damages in amounts to be proven at trial against Defendant Socorro Consolidated School District for 42 U.S.C. § 1983 liability for the deprivation of federal civil rights,

D. Award actual damages in amounts to be proven at trial against Defendants Hendrix, Peguero, and Mauldin for 42 U.S.C. § 1983 liability for the deprivation of federal civil rights,

E. Award actual damages in amounts to be proven at trial against Defendants for 42 U.S.C. § 1985 liability for the conspiracy to interfere with civil rights,

F. Award costs,

G. Award post-judgment interest, and

H. Grant such other relief as justice may require.

Respectfully submitted:

**Parnall & Adams Law**

_____
Charles S. Parnall
David M. Adams
Mallory A. Wolff
2116 Vista Oeste NW, Ste. 403
Albuquerque, NM  87120
P: (505) 600-1417; F: (505) 910-4466

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of May, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

_____
Charles S. Parnall