IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SERENITY JARAMILLO-SUAREZ,

    Plaintiff,

vs.

SOCORRO CONSOLIDATED SCHOOL DISTRICT, RONALD HENDRIX, CHRISTINE PEGUERO, JONI MAULDIN, JARROD STOREY, and JOEL PARTRIDGE,

    Defendants.

NO. 2:25-CV-00417-GBW-DLM

## ANSWER TO AMENDED COMPLAINT

    COME NOW Defendants Socorro Consolidated School District, Ronald Hendrix, Christine Peguero, Joni Mauldin, Jarrod Storey, and Joel Partridge ("Defendants"), by and through their attorneys JONES, SKELTON & HOCHULI, P.L.C. (Raúl P. Sedillo and Fernando C. Palomares), and for their Answer to Plaintiff's First Amended Complaint (hereinafter "Amended Complaint"), state as follows:

    1.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, and therefore, deny the same.

    2.    Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

    3.    Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

    4.    Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Amended

Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

### Rule 1-008(A)(1) Statement of Jurisdiction

7. Paragraph 7 of Plaintiff's Amended Complaint requires legal conclusions as opposed to containing factual allegations, and therefore, no response is required. To the extent a response is required, Defendants admit insofar as Plaintiff Student being a student at Socorro High School at the time of the subject incident. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint, and therefore, deny the same.

8. In response to Paragraph 8 of Plaintiff's Amended Complaint, Defendants admit insofar as Plaintiff being 17 years old at the time of the subject incident. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of Plaintiff's Amended Complaint, and therefore, deny the same.

9. In response to Paragraph 9 of Plaintiff's Amended Complaint, Defendants admit insofar as the Socorro Consolidated School District operating Socorro High School and that its local school board's powers and duties are set forth under NMSA 1978, §22-5-4. As to the remaining allegations, they contain legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny, to the extent the same are inconsistent with federal and/or state law.

10. Paragraph 10 of Plaintiff's Amended Complaint is admitted.

11. Paragraph 11 of Plaintiff's Amended Complaint is admitted.

12. Paragraph 12 of Plaintiff's Amended Complaint is admitted.

13. Paragraph 13 of Plaintiff's Amended Complaint is admitted.

14. Paragraph 14 of Plaintiff's Amended Complaint is admitted.

15. Paragraph 15 of Plaintiff's Amended Complaint is admitted.

16. Paragraph 16 of Plaintiff's Amended Complaint contains a legal conclusion as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their Notice of Removal, filed on April 30, 2025 **[Doc. 1]**.

17. Paragraph 17 of Plaintiff's Amended Complaint contains a legal conclusion as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their Notice of Removal, filed on April 30, 2025 **[Doc. 1]**.

18. Paragraph 18 of Plaintiff's Amended Complaint contains a legal conclusion as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants incorporate by reference their Notice of Removal, filed on April 30, 2025 **[Doc. 1]**.

## Rule 1-008(A)(1) Statement of Claims

19. Paragraph 19 of Plaintiff's Amended Complaint requires legal conclusions as opposed to containing factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

118644179.1

20. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint, and therefore, deny the same.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint, and therefore, deny the same.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendants are without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint, and therefore, deny the same.

31. In response to Paragraph 31 of Plaintiff's Amended Complaint, Defendants admit insofar as to Socorro High School not entering into a behavior contract with the other non-party student involved in the altercation with Plaintiff, as such contract was not mandatory. As to the remaining allegations, Defendants deny the same.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint, and therefore, deny the same.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint, and therefore, deny the same.

36. In response to Paragraph 36 of Plaintiff's Amended Complaint, Defendants admit insofar as the other non-party student involved in the altercation with Plaintiff being on the wrestling team. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 of Plaintiff's Amended Complaint, and therefore, deny the same.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. In response to Paragraph 38 of Plaintiff's Amended Complaint, Defendants admit insofar as the school not calling law enforcement as Plaintiff's parents had stated they would be filing a report with law enforcement. As to the remaining allegations contained in Paragraph 38 of Plaintiff's Amended Complaint, they contain legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny, to the extent the same are inconsistent with federal and/or state law.

39. In response to Paragraph 39 of Plaintiff's Amended Complaint, Defendants admit insofar as the school not entering into a behavior contract with the other non-party student as such contract was not mandatory. As to the remaining allegations contained in Paragraph 39 of Plaintiff's Amended Complaint, Defendants deny, to the extent the same are inconsistent with federal and/or state law.

40. In response to Paragraph 40 of Plaintiff's Amended Complaint, Defendants state the other non-party student's suspension was consistent with the Student Handbook. As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 40 of Plaintiff's Amended Complaint, and therefore, deny the same.

41. In response to Paragraph 41 of Plaintiff's Amended Complaint, Defendants admit the other non-party student was permitted on campus to attend a preparation course for the state required assessment. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore, deny the same.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint, and therefore, deny the same.

118644179.1

43. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint, and therefore, deny the same.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint, and therefore, deny the same.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint, and therefore, deny the same.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint, and therefore, deny the same.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint, and therefore, deny the same.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint, and therefore, deny the same.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint, and therefore, deny the same.

118644179.1

51. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51 of Plaintiff's Amended Complaint, and therefore, deny the same.

52. In response to Paragraph 52 of Plaintiff's Amended Complaint, Defendants admit insofar as the other non-party student being a member of the wrestling team. The remaining allegations contained in Paragraph 52 of Plaintiff's Complaint assert legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny the same.

53. In response to Paragraph 53 of Plaintiff's Amended Complaint, Defendants state the Socorro High School Athletic Student Handbook speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 53 of Plaintiff's Amended Complaint, and therefore, deny the same.

54. Paragraph 54 of Plaintiff's Amended Complaint asserts legal conclusions as opposed to containing factual allegations, and therefore, no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint, and therefore, deny the same.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint, and therefore, deny the same.

56. Paragraph 56 of Plaintiff's Amended Complaint contains legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is

118644179.1

required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint, and therefore, deny the same.

57.     Paragraph 57 of Plaintiff's Amended Complaint contains legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint, and therefore, deny the same.

58.     Defendants deny the allegations contained Paragraph 58 of Plaintiff's Amended Complaint.

59.     Defendants deny the allegations contained Paragraph 59 of Plaintiff's Amended Complaint.

60.     Paragraph 60 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit insofar as the Socorro Consolidated School District's school board being a "local public body" as defined by NMSA 1978, § 41-4-3(C) and a "governmental entity" as defined by NMSA 1978, § 41-4-3(B). As to the remaining allegations contained in Paragraph 60 of Plaintiff's Amended Complaint, they require legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny the remaining allegations, to the extent the same are inconsistent with federal and/or state law.

61.     Paragraph 61 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit insofar as Defendants Hendrix, Peguero, Mauldin, Storey, and Partridge being "public employees" as defined

118644179.1

by NMSA 1978, § 41-4-3(B) at the time of the subject incident. As to the remaining allegations contained in Paragraph 61 of Plaintiff's Amended Complaint, they require legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny, to the extent the same are inconsistent with federal and/or state law.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

### Damages

63. Defendants deny the allegations contained in Paragraph 63, including subparts a-j, of Plaintiff's Amended Complaint.

### Count I: § 41-4-6 Tort Claims Act Liability

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65. Paragraph 65 of Plaintiff's Amended Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit insofar as Socorro High School's premises being a public building under the New Mexico Tort Claims Act. As to the remaining allegations, they require legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny § 41-4-6 waiver of immunity.

66. Paragraph 66 of Plaintiff's Amended Complaint asserts legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny alleged breach of duties in the operation or maintenance of Socorro High School. As to the remaining allegations, they require legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny the remaining allegations, to the extent the same are inconsistent with federal and/or state law.

67. Paragraph 67 of Plaintiff's Amended Complaint asserts legal conclusions as opposed to containing factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny they failed to follow the School District's applicable policies and procedures. As to the remaining allegations, they require legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny the remaining allegations, to the extent the same are inconsistent with federal and/or state law.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Amended

118644179.1

Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.

### Count II: New Mexico Civil Rights Act Liability

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81. Paragraph 81 of Plaintiff's Amended Complaint asserts legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required Defendants deny the allegations, to the extent the same are inconsistent with federal and/or state law.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

83. Defendants deny the allegations contained in Paragraph 83, including subparts a-d, of Plaintiff's Amended Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.

86. Paragraph 86 of Plaintiff's Amended Complaint asserts legal conclusions as

opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations, to the extent the same are inconsistent with federal and/or state law.

87. Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Amended Complaint.

**Count III: 42 U.S.C. § 1983 *Monell* Liability for the Deprivation of Federal Civil Rights Act**

88. Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.

89. Paragraph 89 of Plaintiff's Amended Complaint asserts legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations, to the extent the same are inconsistent with state and/or federal law.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint.

92. Paragraph 92 of Plaintiff's Amended Complaint asserts legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants are without are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint, and therefore, deny the same.

93. Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Amended Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Amended Complaint.

### Count IV: 42 U.S.C. § 1983 Liability for Due Process Violations

96. Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint.

97. Paragraph 97 of Plaintiff's Amended Complaint asserts legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations, to the extent the same are inconsistent with state and/or federal law.

98. Paragraph 98 of Plaintiff's Amended Complaint asserts legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations, to the extent the same are inconsistent with state and/or federal law.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Amended Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Amended Complaint.

118644179.1

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Amended Complaint.

104. Paragraph 104 of Plaintiff's Amended Complaint asserts legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny a violation of Plaintiff's due process rights.

105. Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint.

### Count V: 42 U.S.C. § 1985 Liability for Conspiracy to Interfere with Civil Rights

106. Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Amended Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Amended Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Amended Complaint.

### Rule 1-008(A)(3) Request for Relief

Plaintiff's request for relief, and subparts A-H, asserts legal conclusions as opposed to factual allegations, and therefore, no response is required. To the extent a response is required, Defendants deny Plaintiff is entitled to the relief sought. Any allegations not specifically admitted herein are denied.

118644179.1

## **AFFIRMATIVE DEFENSES**

A. Plaintiff's Amended Complaint fails to state a claim against Defendants for which relief can be granted.

B. There is no waiver of immunity under the New Mexico Tort Claims Act for Plaintiff's tort claim against Defendants.

C. Plaintiff's claims for pre-judgment interest are barred by the New Mexico Tort Claims Act.

D. Plaintiff's claims are barred or reduced by her own negligence, or the negligence or intentional acts of others.

E. The alleged damages, which Defendants deny, are limited by Section 41-4-19 of the New Mexico Tort Claims Act.

F. Recovery is barred to the extent Plaintiff has failed to mitigate her damages.

G. Defendants are not liable because Defendants did not commit constitutional violations or otherwise violate Plaintiff's rights under the law.

H. Defendants are not liable because there was no unconstitutional policy or custom that was the moving force behind any alleged constitutional violation or alleged violation under the law.

I. Defendant Socorro Consolidated School District is not liable because there was no:

   a. Existing, continuing, persistent and widespread practice of unconstitutional misconduct by its employees; and

   b. Deliberate indifference on its part or tacit approval of alleged misconduct by the District's policymaking officials after notice to the officials of that particular alleged misconduct.

118644179.1

J.  Plaintiff's federal claims against Defendants are barred by qualified immunity.

K.  To the extent Plaintiff alleges a claim for punitive damages, such a claim is barred by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 120; Article II, Section 13; and Article II, Section 19, of the New Mexico Constitution. While under the facts of this case any award of punitive damages is not justified, an award of punitive damages will constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

**WHEREFORE,** Defendants respectfully requests the Court dismiss Plaintiff's Amended Complaint, recovery of its costs, and any other relief the Court deems just and reasonable.

Respectfully submitted,

/s/ *Fernando C. Palomares*
Raúl P. Sedillo
Fernando C. Palomares
Jones, Skelton & Hochuli P.L.C.
8220 San Pedro Dr NE, Suite 420
Albuquerque, New Mexico 87113
Telephone: (505) 339-3500
Facsimile:  (505) 339-3200
E-mail:    rsedillo@jshfirm.com
           fpalomares@jshfirm.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 7th day of July, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

    Charles S. Parnall
    David M. Adams
    Mallory A. Wolff
    PARNALL & ADAMS LAW
    2116 Vista Oeste NW, Ste. 403
    Albuquerque, NM 87120
    Tel: (505) 600-1417
    charles@parnalladams.com
    david@parnalladams.com
    mallory@parnalladams.com
    *Attorneys for Plaintiff*


/s/ *Fernando C. Palomares*
Fernando C. Palomares

118644179.1